**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL RICHARDS, | : | |
| | : | Civil Action No. 07-1995 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COUNTY OF MORRIS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> MICHAEL RICHARDS, Plaintiff <u>Pro</u> <u>Se</u>
> # 410631 SBI # 807827B
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey 07114

**MARTINI**, District Judge

   Plaintiff Michael Richards, currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff initially submitted his Complaint without a complete application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP").  On May 9, 2007, this Court issued an Order denying plaintiff's IFP application without prejudice, and administratively terminating the action.  The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On June 15, 2007, plaintiff submitted a complete IFP application with his six-month prison account statement.

It appearing that plaintiff qualifies to proceed in forma pauperis, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

The Complaint names the following defendants: County of Morris; Morris County Prosecutor's Office; Morristown Police Department; Prosecutor Michael M. Rubbinaccio; Assistant Prosecutor Joseph Connor, Jr.; Lt. James Wilcox of the Morristown Police Department; Officer Joseph Leeper of the Morristown Police Department; and Officer Joseph Lodato of the Morristown Police Department.  (Complaint, Caption and ¶¶ 5-12).  The following factual allegations are taken from the Complaint, and are

2

accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on April 15, 1997, at 1:30 a.m., he was using a public pay phone located at the rear of Dean Tire Company on 60 Abbett Avenue in Morristown, New Jersey.  Officers Leeper and Lodato drove their marked police cars onto the premises, pursuant to a dispatch by Lt. Wilcox concerning an anonymous telephone call.  The caller had stated that three black males were involved in a narcotics transaction, and that two of them were standing in front of 15 Martin Luther King Avenue, and the third was on a pay phone at 60 Abbett Avenue, the site of Dean Tire Company.  The caller also had stated that one of the men was carrying a .22 caliber handgun.  The caller had no other description of the individuals involved in the drug transaction. (Compl., ¶¶ 14-17).

Plaintiff claims that Dean Tire Company is located in a low-income, residential neighborhood populated mostly by Black and Hispanic residents.  He also states that there was no evidence to show that the area was a high-crime or drug area.  (Compl., ¶ 18).

Officer Leeper told plaintiff that the police were responding to an anonymous tip about a narcotics transaction. Plaintiff states that he cooperated fully with the police officers by placing his hands on the hood of the patrol car and

3

allowing the officers to conduct a pat-down search.  However, during the search, plaintiff repeatedly asked the officers why he was being searched.  In response, Officer Leeper told plaintiff that if he was not quiet or cooperative, he would be arrested for disorderly conduct.  When plaintiff asked why he was being harassed, Officer Leeper placed him under arrest.  During the search of plaintiff, Officers Leeper and Lodato found cocaine and marijuana.  No gun was found.  Plaintiff was charged with possession of CDS and possession with the intent to distribute CDS.  (Compl., ¶¶ 19-22).

In April 2000, plaintiff was found guilty of the charges in the Superior Court of New Jersey, Morris County.  He was sentenced on August 14, 2000, to a term of 16 years with a parole disqualifier of seven years.  On May 31, 2002, the Superior Court of New Jersey, Appellate Division held that the anonymous tip about an alleged drug transaction by three black males did not provide reasonable suspicion for an investigatory stop of plaintiff, even when combined with plaintiff's non-responsiveness when asked for identification.  The conviction was reversed and the matter remanded.  (Compl., ¶¶ 25-27).

Plaintiff brings this action against defendants, alleging violations of his Fourth Amendment right to be free from unreasonable searches and seizures, and his Fourteenth Amendment rights to due process and equal protection.  He also alleges

state law tort claims of false imprisonment, negligence, malfeasance, abuse of process, and misfeasance.  (Compl., ¶ 1).

Plaintiff seeks compensatory and punitive damages in excess of $1.5 million.  (Compl., Counts I and II).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103,

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v.</u>

<u>Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.  <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant

part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

**II.  <u>ANALYSIS</u>**

Plaintiff's claims of an unlawful search and seizure, false

arrest and imprisonment (based on racial profiling), and denial

7

of due process and equal protection emanate from a search and seizure/arrest occurring on April 15, 1997. Plaintiff was convicted on the charges from the April 15, 1997 incident, but the convictions were later reversed by the state court on May 31, 2002. Plaintiff did not bring this action until April 26, 2007. Plaintiff does state that he had filed an earlier action, asserting similar claims arising from the April 15, 1997 incident, in July 2003. The docket report for the earlier action, Richards v. County Of Morris, Civil No. 03-3579 (WHW), shows that the civil rights complaint was filed on July 30, 2003, and dismissed on August 27, 2004 for want of prosecution. Plaintiff acknowledges that the earlier action was dismissed for inaction, and attaches a non-conformed copy of a letter to the Clerk of the Court, dated March 16, 2005, which purports to re-file his earlier action. There is no record on the docket concerning the March 16, 2005 letter. Further, there has been no activity on the earlier action since March 16, 2005.

The Court finds that any Fourth and Fourteenth Amendment claims now asserted by plaintiff is time-barred. A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although

8

the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Federal courts look to state law to determine the limitations period for § 1983 actions.  See Wallace v. Kato, 549 U.S. ___, 127 S.Ct. 1091, 1094 (2007).  Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the

9

applicable state's statute of limitations for personal injury
actions.  See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280
(1985).  Accordingly, New Jersey's two-year limitations period on
personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs
plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120,
126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police
Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. §
2A:14-2, an action for an injury to the person caused by a
wrongful act, neglect, or default must be commenced within two
years of accrual of the cause of action.  Cito, 892 F.2d at 25;
accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless
their full application would defeat the goals of the federal
statute at issue, courts should not unravel states' interrelated
limitations provisions regarding tolling, revival, and questions
of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory
tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling
because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing
tolling because of nonresidency of persons liable).  New Jersey
law permits "equitable tolling" where "the complainant
has been induced or tricked by his adversary's misconduct into
allowing the filing deadline to pass," or where a plaintiff has
"in some extraordinary way" been prevented from asserting his
rights, or where a plaintiff has timely asserted his rights

10

mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

In most cases, "the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).  See also Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994)(a claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action").  "Plaintiff's actual knowledge is

irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Here, the arrest and search incident giving rise to this action occurred on April 15, 1997, and this case was not commenced until 2007.  Thus, it would appear that the claims are now time-barred.  However, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that this rule of accrual is inapplicable if the plaintiff's lawsuit, were it to be successful, would render the underlying criminal conviction or imprisonment invalid.  Instead, the Court held that, in such cases, the cause of action does not arise "until the conviction or sentence has been invalidated."  Id.

In Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit noted that "in some cases Fourth Amendment claims for false arrest begin to accrue at the time of arrest, not when the conviction is overturned."  411 F.3d at 450.  This occurs when the false arrest claim will not necessarily undermine the criminal conviction or sentence.  Id. Furthermore, the Third Circuit went on to note that "Heck does

12

not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation." <u>Id</u>. Rather, the Third Circuit determined that each case must be subjected to a fact-based analysis. In <u>Gibson</u>, the court held that plaintiff's Fourth Amendment claims, involving issues of an unlawful search and seizure similar to the instant case, were not cognizable and did not accrue until Gibson's conviction was invalidated in April 2002. <u>Id</u>. at 452.

Recently, however, in <u>Wallace v. Kato</u>, __ U.S. __, 127 S.Ct. 1091 (2007), the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden <u>Heck</u> places on the resolution of such claims. The Supreme Court characterized <u>Heck</u> as delaying "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." <u>Id</u>., 127 S.Ct. at 1098. With respect to false arrest cases, the Supreme Court held that in order to defer accrual of the claim, it would need to extend the <u>Heck</u> principle to state "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." <u>Id</u>. (emphasis in original). Finding such a principle to be impracticable, the Court held that it was "not disposed to embrace this bizarre extension of <u>Heck</u>." <u>Id</u>.

13

Based on the Supreme Court's language in <u>Wallace</u>, this Court concludes that <u>Wallace</u> effectively supersedes the Third Circuit's reasoning in <u>Gibson</u>, <u>supra</u>, and that <u>Heck</u> is inapplicable here. Consequently, Plaintiff's allegations of false arrest, false imprisonment, racial profiling, and unlawful search and seizure in violation of his Fourth and Fourteenth Amendment rights are time-barred, because plaintiff's claims actually accrued on April 15, 1997, the date of the unlawful search and arrest. This Complaint was submitted on April 23, 2007,[1] long after the statute of limitations had expired on April 15, 1999. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Rather, plaintiff pleads only ignorance of the law and his incarceration, neither excuse being sufficient to relax the statute of limitations bar in this instance.

Moreover, even if this Court were to find that plaintiff's claims did not accrue until his conviction was reversed by state

---

[1]    The cover letter submitted with Plaintiff's Complaint indicates that the Complaint was delivered to prison officials for mailing on April 23, 2007. The Clerk's Office received the Complaint on April 26, 2007. Giving Plaintiff the benefit of all inferences related to the date he filed his complaint, the Court finds that Plaintiff "filed" his complaint on the date he handed them to prison officials to be mailed to the Court for filing on April 23, 2007, the date noted on the cover letter submitted to the Court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).

court on May 31, 2002, this action is still time-barred.  This
Complaint was filed almost five years after May 31, 2002.  While
plaintiff contends he had filed an earlier complaint, Civil No.
03-3579 (WHW), this action was dismissed in August 2004 for
failure to prosecute.  Plaintiff contends that he attempted to
re-open his case on March 16, 2005, but again, he failed to
prosecute his claims for more than two years when he filed this
action in April 2007.  Plaintiff's complete lack of diligence in
pursuing his claims for all of these years strongly militates
against equitable tolling of the statute of limitations.

Therefore, the Court finds that plaintiff's Fourth and
Fourteenth Amendment claims asserted in this Complaint are now
time-barred and the Complaint will be dismissed with prejudice in
its entirety accordingly, as against all defendants.  Further,
the Court declines to exercise supplemental jurisdiction over the
state law claims asserted by plaintiff in this case because there
are no claims pending over which this Court has original
jurisdiction.  See 28 U.S.C. § 1367(c)(3).

## V. **CONCLUSION**

For the reasons expressed above, the Court will dismiss the Complaint with prejudice, in its entirety, as against all named defendants, because the claims asserted are now time-barred.  An appropriate Order follows.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated: July 5, 2007

16